**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x
**VICTORIA NYC I INC d/b/a RX2GO,**

                **Plaintiff,**

   -against-

**DGN PHARMACY INC. d/b/a PERSONALRX,**

                **Defendant.**
-----------------------------------------------------------------x

**Case No.:** 1:25-cv-975

**COMPLAINT**

Plaintiff Victoria NYC I Inc d/b/a Rx2Go (hereinafter "Rx2Go" or "Plaintiff") by its attorneys, Sage Legal LLC, as and for its Complaint against Defendant DGN Pharmacy Inc d/b/a PersonalRx (hereinafter "PersonalRx" or "Defendant"), respectfully alleges as follows:

## NATURE OF ACTION

1. Plaintiff has been required to file this case to seek redress for Defendants' failure to abide by its agreement to pay for courier services performed.

2. Plaintiff therefore commenced suit to assert causes of action for breach of contract, unjust enrichment, account stated and *quantum meruit* against PersonalRx and fraud against the Individual Defendants.

## JURISDICTION AND VENUE

3. This Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332 since the controversy involves citizens of different states and involves more than $75,000.00.

4. Specifically, Plaintiff is duly incorporated and has a principal place of business in New York while Defendant is incorporated and has a principal place of businss in New Jersey.

5. Moreover, the value of the amount in controversy exceeds $75,000.00, exclusive of attorneys' fees, costs and interest, as Plaintiff seeks well over $145,466.88 in compensatory

damages alone, consisting of the amounts owed for courier services performed, in addition to consequential and incidental damages, as well as interest (pre-judgment and post-judgment).

6. In addition, venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b)(2).

7. At all times material hereto, Plaintiff has operated, conducted, engaged in, and/or carried on a business or business venture in the State of New York.

8. Further, there is a requisite nexus between PersonalRx and the State of New York as Defendant engaged in substantial and not isolated activity within the State of New York.

9. Last but not least, at all times material hereto, a substantial portion of the events giving rise to this action arose in this judicial district.

## PARTIES

10. Plaintiff Rx2Go is the leading prescription delivery service in the State of New York, making life easier for pharmacies by transforming how they deliver prescriptions to their patients; it support pharmacies with state-of-the-art prescription delivery solutions that prioritize reliability, efficiency, and professionalism and is committed to transforming the medical industry by improving access to medications, guaranteeing on-time deliveries, and raising the standard for pharmacy services.

11. Defendant PersonalRx is pharmacy utilizes Rx2Go's services.

## FACTS

12. In or about April 3, 2023, PersonalRx entered into an agreement with Rx2Go whereby Rx2Go would perform courier services for PersonalRx, issue invoices, and PersonalRx would pay for those services (hereinafter the "Agreement").

13. From April 3, 2023 through on or about July 14, 2024, Rx2Go issued fifty-nine (59) invoices totaling $224,385.87, which PersonalRx paid in full.

14. Thereafter, beginning on or about July 14, 2024 through on or about November 3, 2024, Rx2Go issued sixteen (16) invoices totaling $145,466.88 , which PersonalRx has failed to pay to date.

15. Plaintiff made repeated demand to Defendant to pay these invoices.

16. Defendant never objected to any of the invoices.

17. Defendant promised to pay the invoices but has nonetheless failed to pay.

18. Defendant induced Plaintiff to continue performing services notwithstanding their failure to pay by promising to pay later.

19. Plaintiff continued performing services in reliance on Defendant's promise to pay to their detriment.

20. Defendant knew that its promise to pay was false because Defendant failed to undertake any effort to pay Plaintiff for its services.

21. Plaintiff was damaged by Defendant's conduct because it performed services in reliance on Defendant's promise and was not paid.

22. As a result of Defendant's conduct, Plaintiff suffered at least $145,466.88  in compensatory damages, exclusive of consequential and incidental damages, as well as interest (pre-judgment and post-judgment) in an amount to be determined at trial.

## AS AND FOR A FIRST CLAIM FOR RELIEF

### *Breach of Contract*

23. Plaintiff repeats and realleges each of the allegations set forth above as if set forth in full.

24. The Agreement was a valid and binding agreement by and between Rx2Go and PersonalRx.

25. The Agreement was supported by valuable consideration.

26. The Agreement is supported by the parties' conduct in that, for a period of approximately fifteen (15) months, Rx2Go performed services for PersonalRx and issued invoices to PersonalRx, whereupon PersonalRx paid those invoices.

27. Rx2Go fully performed its obligations pursuant to the Agreement by providing courier services to deliver prescriptions to patients of PersonalRx.

28. PersonalRx breached the Agreement by failing to pay Rx2Go for its services.

29. By failing to pay the monies owing pursuant to the Agreement, PersonalRx intentionally breached the Agreement, thereby relieving Rx2Go from any further obligations under the Agreement.

30. As a result of the breach, despite Rx2Go's full performance under the Agreement, Rx2Go has sustained damages, which include, but are not limited to, the amount of $145,466.88, plus interest thereon from the date of the breach as well as any consequential and incidental damages including interest (pre-judgment and post-judgment).

31. Accordingly, PersonalRx is liable for breach of contract for compensatory, incidental, and consequential damages, plus interest (pre-judgment and post-judgment) and costs.

## AS AND FOR A SECOND CLAIM FOR RELIEF

### *Unjust Enrichment*

32. Plaintiff repeats and realleges each of the allegations set forth above as if set forth in full.

33. Both to the extent that PersonalRx contends or this Court finds that there was no enforceable contract or agreement and independently – as a result of the conduct described above – PersonalRx has been unjustly enriched at the expense of Rx2Go.

34. There is no adequate remedy at law because Plaintiff has been deprived of the benefit of its bargain due to Defendant's failure to pay Plaintiff for the services it performed.

35. The circumstances are therefore such that equity and good conscience require PersonalRx to make restitution in the amount of $145,466.88 plus interest and costs thereon.

## AS AND FOR A THIRD CLAIM FOR RELIEF

### *Account Stated*

36. Plaintiff repeats and realleges each of the allegations set forth above as if set forth in full.

37. A debtor-creditor relationship exists between Plaintiff and Defendant, as Defendant owes Plaintiff $145,466.88 in exchange for Plaintiff's services.

38. Plaintiff presented Defendant with invoices reflecting the amounts Defendant owes to Plaintiff.

39. Defendant accepted all of Plaintiff's invoices without objection, including those on which it has failed to make payment, and which include the amounts making up Defendant's current debt to Plaintiff.

40. Defendant expressly acknowledged its debt to Plaintiff.

41. Defendant never objected to the invoices or disputed the amounts owed as reflected therein.

42. As a result of the foregoing, Rx2Go has sustained damages, which include, but are not limited to, the amount of $145,466.88, plus interest thereon as well as any consequential and incidental damages including interest (pre-judgment and post-judgment).

43. Accordingly, PersonalRx is liable for breach of contract for compensatory, incidental, and consequential damages, plus interest (pre-judgment and post-judgment) and costs.

## AS AND FOR A FOURTH CLAIM FOR RELIEF

### *Quantum Meruit*

44. Plaintiff repeats and realleges each of the allegations set forth above as if set forth in full.

45. Plaintiff rendered services to Defendant in good faith, and incurred expenses on Defendant's behalf.

46. Defendant accepted and enjoyed the benefits of Plaintiff's services, but has failed to compensate Plaintiff for the reasonable value of the services it accepted and retained.

47. Plaintiff expected reasonable compensation from Defendant in exchange for its services based on the invoices Plaintiff submitted to Defendant.

48. The reasonable value of the services Plaintiff provided to Defendant was set forth in Plaintiff's invoices to Defendant, which accrues interest at a rate of five percent (5%) compounded weekly, and which is currently in an amount of at least $145,466.88.

## AS AND FOR A FIFTH CLAIM FOR RELIEF

### *Fraud*

49. Plaintiff repeats and realleges each of the allegations set forth above as if set forth in full.

50. PersonalRx made material misrpresentations and omissions of fact to induce Rx2Go to continue performing services under the Agreement.

51. The fraudulent mispresentations by PersonalRx included, among other things, statements that Defendant will pay the outstanding invoices.

52. PersonalRx knew its statements were false and misleading because it never paid the invoices.

53. PersonalRx made these represenations and omissions with the intent and expectation that Rx2Go would rely on them in order to continue performing services.

54. Rx2Go reasonably relied on PersonalRx's misrepresentations and omissions, without which Rx2Go would not have continued to perform services under the Agreement.

55. PersonalRx's conduct was willful, malicious and without regard to Rx2Go.

56. As a direct, proximate, and foreseeable result of PersonalRx's misconduct, Rx2Go has been damaged in an amount to be determined at trial, but no less than $145,466.88, plus punitive damages.

## JURY DEMAND

57. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury of the within action of all issues so triable.

**WHEREFORE**, by reason of the foregoing, Plaintiff prays for a judgment against Defendant as follows:

a) On the First, Second, Third, Fourth, and Fifth Cause of Action, damages in an amount to be determined at trial but no less than $145,466.88 in addition to consequential damages, incidental damages, costs and interest (pre-judgment and post-judgment);

b) On the Fifth Cause of Action, punitive damages in an amount to be determined at trial but no less than $250,000.00; and

c) For such other and further relief as this honorable Court deems just, equitable, and proper.

Dated: Jamaica, New York
      February 20, 2025                      Respectfully submitted,

**SAGE LEGAL LLC**

_/s/ Emanuel Kataev, Esq._
Emanuel Kataev, Esq.
18211 Jamaica Avenue
Jamaica, NY 11423-2327
(718) 412-2421 (office)
(917) 807-7819 (cellular)
(718) 489-4155 (facsimile)
emanuel@sagelegal.nyc

*Attorneys for Plaintiff*
*Victoria NYC I Inc d/b/a Rx2Go*