**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x
**VICTORIA NYC I INC d/b/a RX2GO,**

                                **Plaintiff,**

           -against-

**DGN PHARMACY INC. d/b/a PERSONALRX,**

                               **Defendant.**
-------------------------------------------------------------------x

**Case No.:** 1:25-cv-975 (KAM) (MMH)


### PLAINTIFF'S MEMORANDUM OF LAW IN
### SUPPORT OF ITS MOTION FOR DEFAULT JUDGMENT


**SAGE LEGAL LLC**
Emanuel Kataev, Esq.
18211 Jamaica Avenue
Jamaica, NY 11423-2327
(718) 412-2421 (office)
(917) 807-7819 (cellular)
(718) 489-4155 (facsimile)
emanual@sagelegal.com

*Attorneys for Plaintiff*
*Victoria NYC I Inc. d/b/a Rx2Go*

## PRELIMINARY STATEMENT

Plaintiff Victoria NYC I Inc. d/b/a Rx2Go ("Plaintiff"), by its attorneys SAGE LEGAL LLC, respectfully submits this memorandum of law in support of its motion for default judgment against Defendant DGN Pharmacy Inc. d/b/a PersonalRx ("Defendant").

## FACTS

Plaintiff and its counsel respectfully rely on the facts as stated in the declaration of Plaintiff submitted in support of its motion for a default judgment and the docket in this case. Counsel will reference the same in the forthcoming legal argument where necessary and, for the sake of brevity, will not recite the aforesaid in whole here.

## ARGUMENT

## I.    PLAINTIFF IS ENTITLED TO JUDGMENT BY DEFAULT

It is well settled that a defendant who has failed to file an answer or otherwise move in respect to a complaint filed, are deemed to have admitted all of the well-pleaded allegations in the complaint pertaining to liability. See D.H. Blair & Co., Inc. v. Gottdiener, 462 F.3d 95, 107 (2d Cir. 2006) ("Rule 55 tracks the ancient common law axiom that a default is an admission of all well-pleaded allegations against the defaulting party") (citation omitted).

Defendant has failed to file an answer or otherwise respond to the Complaint, despite the time to do so having expired, and despite having counsel contact Plaintiff regarding this case. Thus, the Plaintiff's allegations are unchallenged, and consequently the Complaint and declarations attached hereto establish Plaintiff's right to default judgment. Upon entry of a default, the court may award damages based upon evidence submitted through affidavits (declarations) and exhibits, or by an evidentiary hearing. See Cement & Concrete Workers Dist. Council Welfare Fund v. Metro Foundation Contractors, Inc., 699 F.3d 230, 234 (2d Cir. 2012).

"While Rule 55(b)(2) permits the district court to conduct a hearing to determine damages, such a hearing is not mandatory." Id. "Together, 'Rule 55(b)(2) and relevant case law give district judges much discretion in determining when it is "necessary and proper" to hold an inquest on damages.'" Id. (quoting Tamarin v. Adam Caterers, Inc., 13 F.3d 51, 54 (2d Cir. 1993)).

Plaintiff maintains that the proof submitted herewith is sufficient on its own to obviate the need for a hearing on damages. Based on the evidence Plaintiff has put forward, damages should be awarded in the amount of $145,466.88, plus interest and costs.

a.    Plaintiff is Entitled to Recover for Breach of Contract

To state a breach of contract claim under New York law, a plaintiff must allege: (1) the existence of a contract; (2) performance of the contract by one party; (3) breach by the other party; and (4) damages. See Liberty Mut. Ins. Co. v. Palace Car Servs. Corp., No. 06-CV-4881 (FB) (CLP), 2007 WL 2287902, at *1 (E.D.N.Y. Aug. 8, 2007) (citing Terwilliger v. Terwilliger, 206 F.3d 240, 245-46 (2d Cir. 2000)); see also Diesel Props S.r.l. v. Greystone Bus. Credit II LLC, 631 F.3d 42, 52 (2d Cir. 2011); Orlander v. Staples, Inc., 802 F.3d 289, 294 (2d Cir. 2015); accord AKF, Inc. v. W. Foot & Ankle Ctr., 632 F. Supp. 3d 66, 74 (E.D.N.Y. 2022).

In a default judgment action, "a party's default is deemed to constitute a concession of all well pleaded allegations of liability[.]" See Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992); City Of New York v. Mickalis Pawn Shop, LLC, 645 F.3d 114, 137 (2d Cir. 2011) ("It is an ancient common law axiom that a defendant who defaults thereby admits all well-pleaded factual allegations contained in the complaint" (internal quotations marks omitted)). Furthermore, the Court is "required to accept all of [the plaintiff's] factual allegations as true and draw all reasonable inferences in its favor." See Finkel v. Romanowicz, 577 F.3d 79, 84 (2d Cir. 2009).

Here, Plaintiff has adequately alleged each element of liability.

First, Plaintiff has demonstrated the existence of a contract between itself and Defendant, exhibited by the invoices exchanged over years of the parties working together. <u>See</u> Declaration of Andrei Rozenblyum ("<u>Rozenblyum</u> <u>Decl.</u>") ¶¶ 20-22, **Exhibits "A" and "B."**

Second, Plaintiff has shown performance of their obligations under the parties' agreement, as the invoices show same. <u>Id</u>. Plaintiff has further satisfied the third and fourth elements for the cause of action: they allege Defendants have failed to make payments since July 14, 2024 in breach of their agreement, despite receiving multiple opportunities to resolve the outstanding balance; and Plaintiff has incurred damages in the form of the outstanding invoice amounts as a result of the breach. <u>See</u> ECF Docket Entry <u>1</u> at ¶¶ 12-31.

Plaintiff's allegations, accepted as true, are sufficient to establish that Defendant is liable for breach of contract for the purposes of entry of default judgment. <u>See</u> <u>Ajna Living, LLC v. Digital Accessories TCM Ltd.</u>, No. 22-CIV.-3127 (PKC), 2023 WL 3255466, at *3 (S.D.N.Y. May 4, 2023) (finding defendants liable for breach of contract for entry of default judgment under similar circumstances); <u>BASF Corp. v. Prime Auto Collision Inc.</u>, No. 20-CIV.-4797 (NGG) (RLM), 2022 WL 704127, at *5 (E.D.N.Y. Mar. 9, 2022); <u>Abularach v. High Wing Aviation LLC</u>, No. 22-CIV.-1266 (MKB) (RML), 2022 WL 18558800, at *2 (E.D.N.Y. Dec. 19, 2022) (finding allegations in complaint sufficient to establish liability for breach of contract on default judgment motion), <u>report</u> <u>and</u> <u>recommendation</u> <u>adopted</u>, 2023 WL 1766282 (E.D.N.Y. Feb. 3, 2023); <u>Lemus v. Manhattan Car Wash, Inc.</u>, No. 06-CIV.-15486 (MHD), 2010 WL 5094412, at *2 (S.D.N.Y. Dec. 9, 2010) (entering default judgment against the defendants that breached the terms of a settlement agreement); <u>Constellation Newenergy, Inc. v. Om Vegetable, Inc.</u>, No. 22-CIV.-03766 (LJL), 2022 WL 3334707, at *3 (S.D.N.Y. Aug. 12, 2022).

Although Plaintiff has other causes of action against Defendant, because it clearly establishes liability based on its breach of contract cause of action, Plaintiff respectfully seeks leave to obtain default judgment on those causes of action to the extent that default judgment on the breach of contract cause of action is denied.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court grant ITS motion for a default judgment against Defendant.

Dated: Jamaica, New York
      July 10, 2025                         Respectfully submitted,

**SAGE LEGAL LLC**

_/s/ Emanuel Kataev, Esq._
Emanuel Kataev, Esq.
18211 Jamaica Avenue
Jamaica, NY 11423-2327
(718) 412-2421 (office)
(917) 807-7819 (cellular)
(718) 489-4155 (facsimile)
emanuel@sagelegal.com

*Attorneys for Plaintiff*
*Victoria NYC I Inc. d/b/a Rx2Go*

5