UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
**VICTORIA NYC I INC d/b/a RX2GO,**

                  **Plaintiff,**

   -against-

**DGN PHARMACY INC. d/b/a PERSONALRX,**

                  **Defendant.**
-------------------------------------------------------------------X

**Case No.: 1:25-cv-975 (KAM) (MMH)**

## PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO SEAL

Dated: Jamaica, New York
       August 15, 2025

**SAGE LEGAL LLC**
Emanuel Kataev, Esq.
18211 Jamaica Avenue
Jamaica, NY 11423-2327
(718) 412-2421 (office)
(917) 807-7819 (cellular)
(718) 489-4155 (facsimile)
emanuel@sagelegal.com

*Attorneys for Plaintiff*
*Victoria NYC I Inc. d/b/a Rx2Go*

1

## INTRODUCTION

Plaintiff Victoria NYC I Inc d/b/a Rx2Go ("Plaintiff" or "Rx2Go") respectfully submits this memorandum of law pursuant to Rule 26(c)(1) of the Federal Rules of Civil Procedure to file under seal, as part of Plaintiff's motion for a judgment by default against Defendant DGN Pharmacy Inc. d/b/a PersonalRx's (hereinafter "Defendant") contempt, selected documents and portions of documents containing non-public confidential information, including financial information and trade secrets of Plaintiff.

## PRELIMINARY STATEMENT

Plaintiff initiated the instant lawsuit against Defendant for, *inter alia*, causes of action for breach of contract, unjust enrichment, account stated, quantum meruit, and fraud, following Defendant's failure to pay invoices following Plaintiff's performance of prescription delivery services for Defendant.

Further, Defendant had induced Plaintiff to continue performing services, notwithstanding their failure to pay, by promising to pay later. Plaintiff continued performing services in reliance on Defendant's promise to pay to their detriment. As a result of Defendant's conduct, Plaintiff suffered compensatory damages, exclusive of consequential and incidental damages, as well as interest (pre-judgment and post-judgment) in an amount to be determined at trial. Defendant has failed to appear and Plaintiff seeks to move for a judgment by default.

In order to provide this Court with compelling evidence of Plaintiff's compensatory damages, Plaintiff must provide the Court with various submissions that make use of confidential information,[1] including those protected by state and federal law as trade secrets.

---

[1] This is in addition to information required to be redacted under Rule 5.2(a).

2

This information, necessary for Plaintiff's briefing to be properly decided, falls into categories of documents regularly sealed by courts in the Second Circuit and which have previously been sealed by this Court, as the confidentiality issues implicated by the information are lofty while any countervailing public interest in public access to such documents is significantly lower.

Plaintiff, in recognition of the need to make available to the public as much of the motion as possible, has minimized the portion requiring special treatment. Plaintiff thus seeks to file documents with targeted redactions to exhibits or declarations, all of which concern business or financial information. The remainder of Plaintiff's submissions in conjunction with its motion for injunctive and equitable relief are filed and available on the public docket. Because the relevant information is of the type regularly filed under seal, and because the amount sought to be sealed is a small portion of the larger motion submission, Plaintiff respectfully requests that this Court grants its motion to seal.

## DOCUMENTS TO SEAL

All proposed sealed and/or redacted documents are being filed contemporaneously under seal on the ECF system, are being electronically related to this motion, and are discussed in detail in the accompanying Declaration of Emanuel Kataev, Esq. in support of the instant motion.

## ARGUMENT

### I. The Legal Standard for Sealing Documents Filed in Court

There is a longstanding presumption and strong public policy favoring public access to court records. See, e.g., Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 597–98 (1978). This "presumption of access is based on the need for federal courts . . . to have a measure of accountability and for the public to have confidence in the administration of justice." See U.S. v. Amodeo, 71

F.3d 1044, 1048 (2d Cir. 1995)). However, "[d]ocuments may be sealed if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." See Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 120 (2d Cir. 2006) (quoting In re New York Times Co., 828 F.2d 110, 116 (2d Cir. 1987)). Moreover, courts must then "balance competing considerations against [public disclosure of a judicial document]." See Lugosch, 435 F.3d at 120.

## II. Plaintiff Seek to File Under Seal Documents Containing Trade Secrets

Federal courts have the power to permit sealing of documents where higher values are served by permitting some documents to kept from public disclosure. This is particularly true when the requests are narrowly tailored, maximizing the amount of the filing available to the public. As part of its declaration demonstrating its compensatory damages that it seeks against Defendant, Plaintiff seeks to file a targeted portion of its motion papers under seal. This information, implicating trade secrets, namely consisting of financial information related to the price for services it renders to Defendant, is recognized as confidential by their very nature.

As described below, the information subject to this motion should have protection from public disclosure due to their subject matter and the privacy interests involved.

### A. Courts Routinely Permit Filings Containing Trade Secrets to be Filed Under Seal

Plaintiff seeks to submit invoices that contain sensitive financial information and implicate the privacy protections put in place through state and federal law, including the Defend Trade Secrets Act ("DTSA"). Accordingly, Plaintiff seeks to file under seal portions of Exhibits "A" and "B" annexed to the Declaration of Emanuel Kataev, Esq. in support of this motion and to the Declaration of Andrei Rozenblyum which contains confidential pricing information that constitutes trade secrets. See, e.g., **Exhibits "A" and "B."**

Courts routinely grant motions to seal in such circumstances. See ValveTech, Inc. v Aerojet Rocketdyne, Inc., No. 17-CIV.-6788 (FPG), 2019 WL 4688737, at *4 (W.D.N.Y. Sep. 26, 2019) ("ValveTech describes its alleged trade secrets in greater detail in a separate Trade Secret Disclosure statement that it filed under seal and incorporated into its Amended Complaint by reference. As an exhibit to that statement, ValveTech attached a list of numerous documents in Aerojet's possession that allegedly contain ValveTech's trade secret information"); see also Hypnotic Hats, Ltd. v. Wintermantel Enters., LLC, 335 F. Supp. 3d 566, 600 (S.D.N.Y. 2018) (noting that categories commonly sealed include those containing trade secrets, confidential research and development information, marketing plans, revenue information, [and] pricing information"). In determining whether pursuant to Rule 26(c)(1)(G), because they are trade secrets, documents shall be filed under seal, courts consider: "(1) the extent to which the information is known outside the business; (2) the extent to which it is known by employees and others involved in the business; (3) the measures taken to guard the information's secrecy; (4) the value of the information to the business or to its competitors; (5) the amount of time, money, and effort expended in development of the information; and (6) the ease or difficulty [in] duplicating or properly acquiring the information." See Capricorn Mgt. Sys., Inc. v Govt. Employees Ins. Co., No. 15-CIV.-2926 (DRH) (SIL), 2019 WL 5694256, at *20 (E.D.N.Y. Jul. 22, 2019), report and recommendation adopted, 2020 WL 1242616 (E.D.N.Y. Mar. 16, 2020) (citing Nycomed US, Inc. v. Glenmark Generics, Inc., No. 08-CIV.-5023, 2010 WL 889799, at *5 (E.D.N.Y. Mar. 8, 2010).

Here, Plaintiff respectfully submits that the information concerning Plaintiff's business submitted under seal herein is not known outside of the parties herein at all and the only employees who know the information within Rx2Go are Andrei Rozenblyum (its Chief Operating Officer), related corporate officers, and principals of the Defendant.

The value of the information sought to be protected is easily shown by the competitive nature of the prescription delivery services market, notwithstanding its failure pay invoices, to the complete detriment of Plaintiff.

Finally, the difficulty of acquiring the information sought is apparent, again, because Defendant was forced to bribe Plaintiff's key employee to obtain it.

As such, every single factor militates in favor of granting the motion to seal.

Accordingly, in order to comply with federal law and protect its interests, Plaintiff submits the Court should grant its motion to have the excerpted invoices filed under seal.

### B. **Plaintiff Seeks to Seal Portions Containing Non-Public Business Information**

Plaintiff has evidence to share with this Court concerning its compensatory damages against Defendant, but this evidence implicates Plaintiff's business and financial information.

To protect the privacy interests intendent with such information, Plaintiff requests to seal portions of these documents. Should this information become public, competing entities would gain a competitive advantage by knowing how Plaintiff operates and will enable those competitors to have an edge in competing against Plaintiff in the future.

"Protecting … specific business information are values that overcome the presumption of public access." See Re: Mindbody, Inc. Securities Litigation, 2021 WL 3500176, at *3 (citing Louis Vuitton Malletier S.A. v. Sunny Merch. Corp., 97 F. Supp. 3d 485, 511 (S.D.N.Y. March 31, 2015)); see also Mitchell v. Metropolitan Life Ins. Co., Inc., No. 03-cv-10294, 2004 WL 2439704, at *2 (S.D.N.Y. Nov. 2, 2004) (ordering the confidentiality of earnings, expense analyses and business plans containing internal financial analyses, business plans and other sensitive company information) (citation omitted).

Sensitive business information, such as Plaintiff's financial information and pricing data, outweigh the public's presumed right of access. See <u>Valassis Commc'ns. Inc.</u>, 2020 WL 2190708, at *3-4 (finding that the presumption of public access is outweighed by the party's business secrecy interests as well as by the personal privacy interests in employee compensation).

Accordingly, Plaintiff requests that these selected invoice records be filed under seal or in redacted form as well.

## **CONCLUSION**

For the foregoing reasons, Defendants respectfully request that the Court grant its motion to seal the identified portions of their submissions made as part of their motion for judgment by default.

Dated: Jamaica, New York
August 15, 2025

Respectfully submitted,

**SAGE LEGAL LLC**

_/s/_ Emanuel Kataev, Esq.
Emanuel Kataev, Esq.
18211 Jamaica Avenue
Jamaica, NY 11423-2327
(718) 412-2421 (office)
(917) 807-7819 (cellular)
(718) 489-4155 (facsimile)
emanuel@sagelegal.com

*Attorneys for Plaintiff*
*Victoria NYC I Inc. d/b/a Rx2Go*