**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
**VICTORIA NYC I INC d/b/a RX2GO,**

                                   **Plaintiff,**

        -against-

**DGN PHARMACY INC. d/b/a PERSONALRX,**

                                  **Defendant.**
-------------------------------------------------------------x

**Case No.:** 1:25-cv-975 (KAM) (MMH)

**DECLARATION IN SUPPORT OF MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT**

      **ANDREI ROZENBLYUM**, declares, pursuant to 28 U.S.C. § 1746, under penalty of perjury, that the following is true and correct:

    1. I am the Chief Operating Officer for Plaintiff Victoria NYC I Inc d/b/a Rx2Go (hereinafter "Plaintiff" or "Rx2Go") in this case.

    2. I respectfully submit this affidavit in support of Plaintiff's instant motion for an entry of default judgment against Defendant DGN Pharmacy Inc. d/b/a PersonalRx (hereinafter "Defendant" or "PersonalRx") due to its failure to appear and answer the complaint; I have personal knowledge of the facts set forth below based on my review of company records.

    3. Plaintiff seeks the entry of default judgment against Defendant on account of its erstwhile failure to file an Answer to Plaintiff's Complaint, dated February 20, 2025, in which Plaintiff asserted against Defendant causes of action for breach of contract, unjust enrichment, account stated, quantum meruit, and fraud. See ECF Docket Entry 1.[1]

    4. Defendant was properly served with the Complaint on February 28, 2025. See ECF Docket Entry 6.

---

[1] A copy of this document is included in the packet to be served upon Defendant.

5. Defendant had twenty-one (21) days from receipt of service to respond, it has not done so, and its time to respond has elapsed.

6. This court has jurisdiction over Defendant because, at all relevant times, it transacted business within this judicial district.

7. This court has subject matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1332 because there is complete diversity between the Plaintiff and the Defendant, as Plaintiff was incorporated in and its principal place of business is in the State of New York, and Defendant was incorporated in and its principal place of business is in the State of New Jersey.

8. Venue is proper in this judicial district because Plaintiff performed delivery services for which it was not paid within the State of New York.

9. On May 29, 2025, Plaintiff requested a certificate of default against Defendant. See ECF Docket Entry 8.

10. On June 27, 2025, the Clerk of the Court entered a certificate of default against Defendant. See ECF Docket Entry 11.[2]

11. Notwithstanding, Defendant has failed to appear and not filed any answer to date.

12. Upon entry of a default, the court may award damages based upon evidence submitted through declarations and exhibits, or by an evidentiary hearing. See Cement & Concrete Workers Dist. Council Welfare Fund v. Metro Foundation Contractors, Inc., 699 F.3d 230, 234 (2d Cir. 2012).

13. "While Rule 55(b)(2) permits the district court to conduct a hearing to determine damages, such a hearing is not mandatory." Id.

---

[2] A copy of this document is included in the packet to be served upon Defendant.

14. "Together, 'Rule 55(b)(2) and relevant case law give district judges much discretion in determining when it is "necessary and proper" to hold an inquest on damages.'" Id. (quoting Tamarin v. Adam Caterers, Inc., 13 F.3d 51, 54 (2d Cir. 1993)).

15. Under Rule 55(b)(2)(B), it is well within the discretion of the Court to decline to hold such a hearing when the plaintiff submits an affidavit attesting, based on "real numbers," to the extent of damages. See Tamarin v. Adam Caterers, Inc., *supra*.

16. As demonstrated in the complaint, this declaration, and the evidence submitted herewith, the damages sustained by the Plaintiff can be ascertained and computed.

17. Therefore, no hearing is required as to the extent of such damages.

18. Plaintiff Rx2Go is the leading prescription delivery service in the State of New York, making life easier for pharmacies by transforming how they deliver prescriptions to their patients; it support pharmacies with state-of-the-art prescription delivery solutions that prioritize reliability, efficiency, and professionalism and is committed to transforming the medical industry by improving access to medications, guaranteeing on-time deliveries, and raising the standard for pharmacy services.

19. Defendant PersonalRx is pharmacy utilizes Rx2Go's services.

20. In or about April 3, 2023, PersonalRx entered into an agreement with Rx2Go whereby Rx2Go would perform courier services for PersonalRx, issue invoices, and PersonalRx would pay for those services (hereinafter the "Agreement").

21. From April 3, 2023 through on or about July 14, 2024, Rx2Go issued fifty-nine (59) invoices totaling $224,385.87, which PersonalRx paid in full. See copy of paid invoices annexed hereto as **Exhibit "A."**

3

22. Thereafter, beginning on or about July 14, 2024 through on or about November 3, 2024, Rx2Go issued sixteen (16) invoices totaling $145,466.88, which PersonalRx has failed to pay to date. <u>See</u> copy of unpaid invoices annexed hereto as **Exhibit "B."**

23. Plaintiff made repeated demand to Defendant to pay these invoices.

24. Defendant never objected to any of the invoices.

25. Defendant promised to pay the invoices but has nonetheless failed to pay.

26. Defendant induced Plaintiff to continue performing services notwithstanding their failure to pay by promising to pay later.

27. Plaintiff continued performing services in reliance on Defendant's promise to pay to their detriment.

28. Defendant knew that its promise to pay was false because Defendant failed to undertake any effort to pay Plaintiff for its services.

29. Plaintiff was damaged by Defendant's conduct because it performed services in reliance on Defendant's promise and was not paid.

30. As a result of Defendant's conduct, Plaintiff suffered at least $145,466.88 in compensatory damages, exclusive of consequential and incidental damages, as well as interest (pre-judgment and post-judgment) in an amount to be determined at trial.

31. Plaintiff also respectfully asks the Court to approve the payment of costs of $885.97, with $405.00 for the filing fee, of which Plaintiff requests this Court take judicial notice of from the docket sheet, and $480.97 for service costs to the firm from the proceeds of the default judgment to be entered in accordance with the terms of said retainer agreement. <u>See</u> copies of service invoices annexed hereto as **Exhibit "C."**

32. A proposed form of default judgment is annexed hereto as **Exhibit "D."**

33. I do not believe that the Servicemembers Civil Relief Act applies here because this is a lawsuit against a corporation.

34. For the foregoing reasons, Plaintiff's motion for a default judgment should be granted.

I declare under penalty of perjury that the foregoing is true and correct. Executed on July 10, 2025.

*Andrey Rozenblyum*
Andrey Rozenblyum (Jul 10, 2025 19:11 EDT)

**ANDREI ROZENBLYUM**

# Declaration in Support

Final Audit Report                                                                                              2025-07-10

| | |
|---|---|
| Created: | 2025-07-10 |
| By: | Emanuel Kataev (mail@emanuelkataev.com) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAABT7Pu7C302ONiZLONLeY5JagfbMgPj0X |

## "Declaration in Support" History

- Document created by Emanuel Kataev (mail@emanuelkataev.com)
  2025-07-10 - 11:04:01 PM GMT- IP address: 68.32.96.164

- Document emailed to Andrey Rozenblyum (andrey@rx2go.ai) for signature
  2025-07-10 - 11:04:05 PM GMT

- Email viewed by Andrey Rozenblyum (andrey@rx2go.ai)
  2025-07-10 - 11:06:53 PM GMT- IP address: 192.178.11.96

- Document e-signed by Andrey Rozenblyum (andrey@rx2go.ai)
  Signature Date: 2025-07-10 - 11:11:32 PM GMT - Time Source: server- IP address: 69.248.80.87

- Agreement completed.
  2025-07-10 - 11:11:32 PM GMT

Adobe Acrobat Sign