# Sage Legal LLC
---
18211 Jamaica Avenue • Jamaica, NY 11423-2327 • (718) 412-2421 • emanuel@sagelegal.nyc

September 26, 2025

**VIA ECF**
United States District Court
Eastern District of New York
<u>Attn</u>: Hon. Kiyo A. Matsumoto, U.S.D.J.
225 Cadman Plaza East
Courtroom 6B South
Brooklyn, NY 11201-1804

  Re: *Victoria NYC I Inc d/b/a Rx2Go v. DGN Pharmacy Inc d/b/a PersonalRx*
     **Case No.: 1:25-cv-975 (KAM) (MMH)**
     <u>Response to Order to Show Cause dated September 15, 2025</u>

Dear Judge Matsumoto:

  This firm represents the Plaintiff in the above-captioned case. Plaintiff respectfully submits this letter response to this Court's September 15, 2025 Order to show cause.

  *First*, in order to clarify Plaintiff's claims, Plaintiff has filed its First Amended Complaint ("FAC") against the Defendant given this Court's Order granting leave for it to do so. <u>See</u> ECF Docket Entry <u>28</u>. However, and as will be further explained below, Plaintiff respectfully submits that its cause of action for breach of contract is valid notwithstanding the fact the April 3, 2023 agreement (the "Agreement") Plaintiff referred to in its original complaint was with non-party MedMinder Systems, Inc. d/b/a MedMinder Pharmacy ("MedMinder"). Plaintiff thanks the Court for the opportunity to amend its complaint.

  *Second*, Plaintiff respectfully submits the following response showing cause why the Complaint's first cause of action, for breach of an express contract, should not be dismissed due to the apparent absence of an express contract between Plaintiff and Defendant.

  While it is true that there is no express agreement between the parties in this case, Plaintiff respectfully submits that Defendant assumed the obligations of non-party MedMinder under the Agreement when it purchased its Brooklyn, New York pharmacy. <u>See</u> *PersonalRX Acquires New York-Based Pharmacy*, <u>https://www.globenewswire.com/news-release/2023/04/19/2650088/0/en/PersonalRX-Acquires-New-York-Based-Pharmacy.html</u> (last accessed September 26, 2025) (hereinafter the "Article"). Upon doing so, and subsequently paying invoices Rx2Go issued under its agreement with MedMinder to Defendant, PersonalRx assumed the obligations of MedMinder and is liable to Plaintiff as a successor. <u>See OEC Freight (NY), Inc. v. Storlie Furniture Distributors, LLC</u>, No. 1:23-CV-06299 (ALC), 2025 WL 1617456, at *4 (S.D.N.Y. June 6, 2025) ("[A] buyer of a corporation's assets will be liable as its successor if: '(1) it expressly or impliedly assumed the predecessor's tort liability, (2) there was a consolidation or merger of seller and purchaser, (3) the purchasing corporation was a mere continuation of the selling corporation, or (4) the transaction is entered into fraudulently to escape such obligations.'") (citing <u>New York v. Nat'l Serv. Indus., Inc.</u>, 460 F.3d 201, 209 (2d Cir. 2006). (quoting <u>Schumacher v. Richards Shear Co.</u>, 451 N.E.2d 195, 198 (N.Y. 1983))).

Here, according to the allegations in Plaintiff's FAC, Defendant both expressly and impliedly assumed MedMinder's liability by paying without objection invoices Rx2Go issued to Defendant based on its agreement with MedMinder following Defendant's purchase of MedMinder. As such, Plaintiff has shown cause as to why Defendant can be held liable under the Agreement with MedMinder as a successor.

*Third*, while this Court directed Plaintiff to effect service of the FAC on Defendant pursuant to Rule 4, Plaintiff respectfully submits that it may satisfy its obligation to serve the FAC upon Defendant pursuant to Rule 5 instead. Indeed, given that Defendant was previously properly served (see ECF Docket Entries 6, 8-2, 10-1, indicating service via Secretary of State and subsequent service by first class mail), the only service required under the Rules is the mailing of the FAC to Defendant's last known address. See Fed. R. Civ. P. 5(a)(1)(B) (requiring a pleading filed after the original complaint to be served) and 5(b)(2)(C) (permitting service by mail to the last known address of the party).

Accordingly, absent further direction from the Court, Plaintiff will serve Defendant in accordance with Rule 5; should this Court nonetheless require service in accordance with Rule 4 notwithstanding the foregoing, Plaintiff will be pleased to do so.

*Fourth*, Plaintiff was ordered to show cause why MedMinder is not a necessary party to this case under Rule 19. Quite simply, MedMinder sold its Brooklyn, New York pharmacy to Defendant and did not receive the benefit of Plaintiff's services performed under the unpaid invoices with dates of service between approximately July 20, 2024 through approximately October 28, 2024. See ECF Docket Entry 18-2; compare with the Article ("PersonalRX, … today [April 19, 2023] announced that it has acquired the MedMinder pharmacy in Brooklyn, NY … The pharmacy's customers were automatically transitioned to PersonalRX, which went into effect as of April 3[, 2023]").

In such circumstances, courts have held that a predecessor who does not benefit from the agreement sought to be enforced is not a necessary party under Rule 19. See MIEH, Inc. v. Tekno Products, Inc., No. 19-CV-178 (JPO), 2019 WL 13394565, at *4 (S.D.N.Y. Sept. 11, 2019) ("The Court therefore concludes that if MIEH holds all substantial rights in the '212 Patent under its predecessor's licensing agreement with Everite, then Ever Victory is not a necessary party under Rule 19. But if, on the other hand, the licensing agreement does not confer on MIEH all substantial rights in the '212 Patent, then MIEH must join the patent owner as a party to this action").

Thus, Plaintiff respectfully submits that it has shown cause as to why MedMinder is not a necessary party to this case.

*Fifth*, Plaintiff submits the only copy of the Agreement it was able to find was the attached "VOID" unsigned version, although Plaintiff represents that this Agreement was, in fact, signed by the Defendant, who maintains a copy of the executed Agreement.  See copy of partially redacted[1] copy of the Agreement annexed hereto as **Exhibit "A."**  A review of the invoices will reveal that the parties acted in accordance with the Agreement when comparing the prices agreed to in the Agreement with the prices billed in Plaintiff's invoices to Defendant.

Based on the foregoing, Plaintiff respectfully submits that sufficient good cause exists for this Court to permit Plaintiff to pursue its breach of contract claim against Defendant, not include MedMinder in this case as it is not a necessary party, and to permit Plaintiff to renew its motion for default judgment should Defendant fail to respond to the FAC within the time allotted under the Rules.

Plaintiff thanks this honorable Court for its continued time and attention to this case, and your undersigned sincerely apologizes to the Court for any confusion or frustration caused with its September 12, 2025 letter motion.

Dated: Jamaica, New York
September 26, 2025

Respectfully submitted,

**SAGE LEGAL LLC**
 /s/ Emanuel Kataev, Esq.
Emanuel Kataev, Esq.
18211 Jamaica Avenue
Jamaica, NY 11423-2327
(718) 412-2421 (office)
(917) 807-7819 (cellular)
(718) 489-4155 (facsimile)
emanuel@sagelegal.nyc

*Attorneys for Plaintiff*
*Victoria NYC I Inc d/b/a Rx2Go*

---

[1] Plaintiff has redacted only the sensitive financial information contained in the Agreement which this Court previously found may be sealed with respect to the invoices.  It shall submit an unredacted copy under seal.  Plaintiff respectfully submits that, for the same reasons this Court granted Plaintiff's motion to seal those invoices in its September 15, 2025 Order, this Court should similarly permit sealing of those portions of the Agreement containing the same information in the invoices.