UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------X

VICTORIA NYC I INC., d/b/a Rx2Go,

                *Plaintiff*,        **ORDER TO SHOW CAUSE**
                                         25-CV-975(KAM)(MMH)

    - against -

DGN PHARMACY INC., d/b/a PersonalRx,

                *Defendant*.

-----------------------------------X

**KIYO A. MATSUMOTO, United States District Judge:**

    On September 15, 2025, the Court ordered Plaintiff Victoria NYC I Inc. d/b/a Rx2Go ("Plaintiff") to: (1) show cause why the February 20, 2025 Complaint's cause of action for breach of contract should not be dismissed due to the absence of an express contract between Plaintiff and Defendant DGN Pharmacy Inc. d/b/a PersonalRx ("Defendant"); (2) show cause why non-party MedMinder Pharmacy ("MedMinder") is not a necessary party to this action because Plaintiff and MedMinder, not Defendant, entered into the April 3, 2023 agreement referred to in Plaintiff's Complaint; and (3) file on ECF the April 3, 2023 agreement referred to in Plaintiff's February 20, 2025 Complaint.

    Before the Court is Plaintiff's September 26, 2025 response to the Court's September 15, 2025 Order.  For the reasons set forth below, the Court finds that Plaintiff's September 26, 2025 response

does not show cause why Defendant should be subject to third-party liability for an agreement into which it did not enter and does not show cause why this action should not be dismissed. The Court further finds that Plaintiff's September 26, 2025 Amended Complaint likely fails to state any claim upon which relief can be granted, and that the Court would be unable to grant a renewed motion for default judgment based on Plaintiff's Amended Complaint.

Accordingly, Plaintiff is **ORDERED TO SHOW CAUSE**, by no later than October 24, 2025, why this action should not be dismissed.

The Court further **ORDERS** that, by no later than October 24, 2025, Plaintiff will advise the Court whether it seeks leave to file a second amended complaint in which it contends it could adequately allege at least one cause of action. As noted in the undersigned's chambers practices, any motion to amend a pleading must attach as exhibits (1) a copy of the proposed amended pleading and (2) a version of the proposed amended pleading that shows— through redlining, underlining, strikeouts, or other similarly effective typographic methods—precisely how the proposed amended pleading differs from the operative pleading.

Failure to file a response by October 24, 2025 sufficiently addressing the below deficiencies will result in dismissal of this action pursuant to Federal Rule of Civil Procedure ("Rule") 41(b).

**BACKGROUND**

I.  **PLAINTIFF'S FEBRUARY 20, 2025 COMPLAINT ALLEGING BREACH OF AN APRIL 3, 2023 AGREEMENT BETWEEN PLAINTIFF AND DEFENDANT**

On February 20, 2025, Plaintiff commenced this action against Defendant alleging, *inter alia*, a breach of contract action based on Defendant's failure to pay invoices issued by Plaintiff in connection with an April 3, 2023 agreement between Plaintiff and Defendant.  (*See* ECF No. 1 (Compl.) ¶¶ 12-22.)  Following service of process on Defendant and the Clerk of Court's issuance of a certificate of default, Plaintiff moved for default judgment on July 10, 2025 and August 15, 2025.  (*See* ECF No. 12 (July 10, 2025 mot.); ECF No. 19 (Aug. 15, 2025 mot.).)

Although Plaintiff had enumerated five causes of action in its February 20, 2025 Complaint -- (1) breach of contract ("Count One"); (2) unjust enrichment ("Count Two"); (3) account stated ("Count Three"); (4) quantum meruit ("Count Four"); and (5) fraud ("Count Five") -- both motions were based entirely on Count One, Defendant's alleged breach of an express contract.  (*See* ECF No. 1 (Compl.) ¶¶ 12, 28 ("[Defendant] breached the [April 3, 2023 agreement between Plaintiff and Defendant] by failing to pay [Plaintiff] for its services."); ECF No. 13 (memorandum in support of July 10, 2025 motion) at 5 ("Although Plaintiff has other causes of action against Defendant, because it clearly establishes liability based on its breach of contract cause of action,

Plaintiff respectfully seeks leave to obtain default judgment on those causes of action to the extent that default judgment on the breach of contract cause is denied."); ECF No. 20 (memorandum in support of August 15, 2025 motion) at 5 (same).)

The Court denied the July 10, 2025 and August 15, 2025 motions for default judgment without prejudice for failure to comply with Local Civil Rule 55.2. (July 11, 2025 Text Order; Aug. 18, 2025 Text Orders.) Relying on Plaintiff's allegation that it had entered into an express agreement with Defendant, on August 18, 2025, the Court ordered Plaintiff to file the April 3, 2023 agreement entered into between Plaintiff and Defendant and to renew its motion for default judgment by September 2, 2025. (Aug. 18, 2025 Text Orders.) When Plaintiff failed to renew its motion by September 2, 2025, the Court *sua sponte* extended Plaintiff's deadline to renew its motion for default judgment to September 12, 2025. (*See* Sep. 4, 2025 Text Order.)

## II. PLAINTIFF'S SEPTEMBER 12, 2025 LETTER STATING THAT PLAINTIFF'S APRIL 3, 2023 AGREEMENT IS WITH NON-PARTY MEDMINDER, NOT DEFENDANT

On September 12, 2025, Plaintiff filed a letter stating that "Plaintiff's April 3, 2023 agreement is not with the Defendant; rather, it is with non-party Medminder Pharmacy, which Plaintiff served prior to the time Defendant engaged Plaintiff to perform services for it." (ECF No. 27 at 1.) Plaintiff's September 12, 2025 letter stated for the first time that, contrary to the

4

allegations of the February 20, 2025 Complaint, "the April 3, 2023 agreement referenced in the complaint is irrelevant to the Plaintiff's claims and that there exists a contract implied in fact between the parties given the services performed, invoiced, and paid." (*Id.*) Plaintiff's September 12, 2025 letter closed by "seek[ing] direction from this Court whether it still wishes for Plaintiff to submit a copy of the April 3, 2023 [agreement]." (*Id.*)

## III. THE COURT'S SEPTEMBER 15, 2025 ORDER TO SHOW CAUSE

On September 15, 2025, the Court issued an Order directing Plaintiff (1) to show cause why the February 20, 2025 Complaint's cause of action for breach of contract should not be dismissed due to the absence of an express contract between Plaintiff and Defendant; (2) to show cause why MedMinder is not a necessary party to this action because Plaintiff and MedMinder executed the April 3, 2023 agreement referred to in Plaintiff's original February 20, 2025 Complaint; and (3) to file on ECF the April 3, 2023 agreement referred to in Plaintiff's February 20, 2025 Complaint at paragraph 12. (*See* Sep. 15, 2025 Order to Show Cause.) The September 15, 2025 Order to Show Cause permitted Plaintiff to file an amended complaint consistent with Rule 11, bringing only claims supported by good faith factual contentions in lieu of showing cause why the original Complaint's first cause of action should not be dismissed. (*See id.*)

In addition to cautioning Plaintiff's counsel "that the Court will impose sanctions if future filings in this Court, including pleadings, fail to comply with Federal Rule of Civil Procedure 11," the September 15, 2025 Order further cautioned Plaintiff that "continued failure to timely comply with court orders will result in dismissal of this action without prejudice under Federal Rule of Civil Procedure 41(b)." (Sep. 15, 2025 Order to Show Cause.)

## IV.  PLAINTIFF'S RESPONSE TO THE COURT'S ORDER TO SHOW CAUSE AND SEPTEMBER 26, 2025 AMENDED COMPLAINT

On September 26, 2025, Plaintiff filed a response to the Court's September 15, 2025 Order to Show Cause and filed an Amended Complaint. (ECF Nos. 28–30.) The principal difference between the September 26, 2025 Amended Complaint (ECF No. 28 ("Am. Compl.")) and the original February 20, 2025 Complaint (ECF No. 1) is that the February 20, 2025 Complaint had referred to an April 3, 2023 agreement between Plaintiff and Defendant, but the Amended Complaint instead refers to the same April 3, 2023 agreement as being entered into between Plaintiff and non-party MedMinder, although the Amended Complaint inexplicably states that Defendant "PersonalRx would pay for [] services" under the terms of the agreement between Plaintiff and MedMinder. (Am. Compl. ¶ 13.)

The Amended Complaint further alleges that "[a]t some point []after" Plaintiff and MedMinder entered into the April 3, 2023 agreement, "non-party MedMinder sold its Brooklyn, New York

pharmacy to Defendant PersonalRx." (Am. Compl. ¶ 14.) The Amended Complaint alleges in conclusory fashion that "[b]y and through its conduct [Defendant] PersonalRx assumed the obligation of MedMinder to pay for all services rendered pursuant to the Agreement." (Am. Compl. ¶ 15.) Specifically, the Amended Complaint alleges that Defendant implicitly assumed MedMinder's contractual obligations because, aside from purchasing MedMinder's pharmacy, Defendant "paid in full," "fifty-nine (59) invoices totaling $224,385.87" issued by Plaintiff between April 2023 and July 2024, but that Defendant "failed to pay" "sixteen (16) invoices totaling $145,466.88" issued by Plaintiff between July 2024 and November 2024. (Am. Compl. ¶ 16.) The Amended Complaint's theory of contractual liability is thus premised on its allegation that Defendant "succeeded non-party MedMinder" and implicitly assumed MedMinder's contractual obligations. (*See* Am. Compl. ¶ 27.)

Plaintiff's September 26, 2025 response to the Court's September 15, 2025 Order to Show Cause contends that the Amended Complaint's breach of contract claim should not be dismissed because "Defendant assumed the obligations of non-party MedMinder under the [April 3, 2023] Agreement when [Defendant] purchased [MedMinder's] Brooklyn, New York pharmacy." (ECF No. 29 at 1.) Plaintiff's September 26, 2025 response contends that by purchasing the Brooklyn pharmacy "and subsequently paying invoices [Plaintiff] issued under its agreement with MedMinder to

Defendant, [Defendant] assumed the obligations of MedMinder and is liable to Plaintiff as a successor." *Id.*

Plaintiff's September 26, 2025 response attached a document that Plaintiff describes as "void," "unsigned," and "the only copy of the [April 3, 2023] Agreement [Plaintiff] was able to find." (ECF No. 29 at 3 (emphasis removed).) The attached document -- publicly filed with redactions as ECF No. 29-1 and filed without redactions under seal as ECF No. 30 -- is a nine-page document titled "delivery of pharmaceutical good [*sic*] agreement," with a period of service defined as between April 4, 2022 and October 4, 2022, and is stamped "void" on every page. (*See generally* ECF No. 29-1.) The agreement is unsigned and undated, although it includes a signature page anticipating that unspecified representatives from Plaintiff and MedMinder would sign and date the agreement upon its execution. (*See* ECF No. 29-1 at 9.)

## LEGAL STANDARDS

### I.   RULE 55: DEFAULT JUDGMENT

Under Rule 55, a party defaults when he or she "has failed to plead or otherwise defend" a pending action.  Fed. R. Civ. P. 55(a); *accord Guggenheim Cap., LLC v. Birnbaum*, 722 F.3d 444, 454 (2d Cir. 2013).  Entry of default against a defendant does not, however, automatically entitle a plaintiff to an entry of a default judgment.  *Bricklayers & Allied Craftworkers Loc. 2 Pension Fund v. Moulton Masonry & Constr., LLC*, 779 F.3d 182, 187 (2d Cir.

2015). Rather, the court may enter a default judgment on a plaintiff's motion "if liability is established as a matter of law when the factual allegations of the complaint are taken as true." *Id.* (citing *City of N.Y. v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 137 (2d Cir. 2011)).

"[A] default is an admission of all well-pleaded allegations against the defaulting party." *SEC v. Amerindo Inv. Advisors*, 639 F. App'x 752, 754 (2d Cir. 2016) (quoting *Vt. Teddy Bear Co., Inc. v. 1-800 Beargram Co.*, 373 F.3d 241, 246 (2d Cir. 2004)). The Court must therefore "accept as true the well-pleaded allegations in the complaint," except those relating to damages. *Trs. of Loc. 7 Tile Indus. Welfare Fund v. City Tile, Inc.*, No. 10-cv-322(SJ)(ALC), 2011 WL 917600, at *2 (E.D.N.Y. Feb. 18, 2011) (citing *Credit Lyonnais Sec., Inc. v. Alcantara*, 183 F.3d 151, 154-55 (2d Cir. 1999)), *report and recommendation adopted*, 2011 WL 864331 (E.D.N.Y. Mar. 10, 2011). The Court's determination of liability on a motion for default judgment may not, however, be based on factual representations outside of the complaint, and, "[i]n this respect, the standard for whether to award a default judgment resembles that applicable to a motion to dismiss." *Henry v. Oluwole*, 108 F.4th 45, 55 (2d Cir. 2024); *see also Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981) ("a district court has discretion under Rule 55(b)(2) once a default is determined to require proof of necessary facts and need not agree

that the alleged facts constitute a valid cause of action"); *Mickalis*, 645 F.3d at 137 n.23 (citing cases in support of claim that "a district court may not enter a default judgment unless the plaintiff's complaint states a valid facial claim for relief").[1]

## II.  RULE 41: DISMISSAL FOR FAILURE TO FOLLOW COURT ORDERS

Under Rule 41(b) and the inherent power of courts to manage their own affairs, courts may *sua sponte* dismiss a complaint for failure to prosecute or for failure to follow court orders. *See Zappin v. Doyle*, 756 F. App'x 110, 111–12 (2d Cir. 2019) (citing *Spencer v. Doe*, 139 F.3d 107, 112 (2d Cir. 1998); *Lewis v. Rawson*, 564 F.3d 569, 575 (2d Cir. 2009)).  A court considering whether to dismiss an action for failure to prosecute or comply with a court order must weigh the following factors:

> (1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.

*Id.* at 112 (quoting *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014)).  "No single factor is generally dispositive." *Id.*

---

[1]     Legal standards pertinent to the five counts in the Amended Complaint are provided below where pertinent.

**DISCUSSION**

**I.  PLAINTIFF'S ALLEGATIONS IN SUPPORT OF ITS BREACH OF CONRACT CLAIM ARE INSUFFICIENT TO GRANT A MOTION FOR DEFAULT JUDGMENT**

For the reasons stated below, the allegations in the Amended Complaint fail to state a claim for breach of contract and will not establish liability on a renewed motion for default judgment.

Under New York law, to recover for breach of contract, "a plaintiff must prove, by a preponderance of the evidence, (1) the existence of a contract between itself and that defendant; (2) performance of the plaintiff's obligations under the contract; (3) breach of the contract by that defendant; and (4) damages to the plaintiff caused by that defendant's breach." *Diesel Props S.r.l. v. Greystone Bus. Credit II LLC*, 631 F.3d 42, 52 (2d Cir. 2011).  Thus, an essential element of Plaintiff's breach of contract claim is the existence of a contract between Plaintiff and Defendant.

Here, Plaintiff concedes that no contract exists between Plaintiff and Defendant. (*See* ECF No. 27 at 1.)  Nonetheless, Plaintiff contends that it has alleged facts sufficient to establish liability under a breach of contract theory because it has sufficiently alleged Defendant is liable as a successor to MedMinder, an entity with which Plaintiff allegedly had entered a contract, or, alternatively, because there is an implied-in-fact contract between Plaintiff and Defendant.  For the reasons

11

discussed below, Plaintiff's theories of successor liability and implied contract are unavailing and will not establish liability as to Plaintiff's breach of contract claim on a renewed motion for default judgment.

Even if Plaintiff's provision of services to Defendant were controlled by the terms of the April 3, 2023 agreement, as Plaintiff apparently contends, Plaintiff has not shown cause why this action should not be dismissed in light of the mandatory arbitration clause set forth in the unexecuted, "void," April 3, 2023 agreement.

### A. Successor Liability Is Not Well Pleaded and Is Inapplicable to Contract Liability Allegedly Incurred *After* MedMinder's Sale to Defendant

#### 1. Plaintiff Has Not Adequately Alleged Successor Liability

In Plaintiff's September 26, 2025 response to the Court's order to show cause, Plaintiff contends that Defendant "assumed the obligations of MedMinder and is liable to Plaintiff as a successor." (ECF No. 29 at 1.)

The September 26, 2025 Amended Complaint does not adequately allege successor liability. "Under both New York law and traditional common law, a corporation that purchases the assets of another corporation is generally not liable for the seller's liabilities." *New York v. Nat'l Serv. Indus., Inc.*, 460 F.3d 201, 209 (2d Cir. 2006) (citations omitted). "Both New York law and

traditional common law, however, recognize certain exceptions to this rule." *Id.* (citations omitted). As pertinent to Plaintiff's theory of successor liability, "a buyer of a corporation's assets will be liable as its successor if" "it expressly or impliedly assumed the predecessor's" contract liability. *Id.; Colon v. Multi-Pak Corp.*, 477 F. Supp. 2d 620, 626 (S.D.N.Y. 2007) (noting successor liability "appl[ies] equally to contract cases" (citing *Cargo Partner AG v. Albatrans, Inc.*, 352 F.3d 41, 45 (2d Cir. 2003))).

"To establish implied assumption of liability, 'the conduct or representations relied upon by the party asserting liability must indicate an intention on the part of the buyer to pay the debts of the seller.'" *Shaoxing Daqin Imp. & Exp. Co. v. Notations, Inc.*, No. 19-cv-2732(JSR), 2019 WL 6498397, at *9 (S.D.N.Y. Dec. 3, 2019) (quoting *Ladjevardian v. Laidlaw-Coggeshall, Inc.*, 431 F. Supp. 834, 839 (S.D.N.Y. 1977)).

The allegations in the Amended Complaint concerning Defendant's assumption of contractual liability are non-specific, brief, and conclusory, and do not adequately allege an intention by Defendant to pay the debts of MedMinder. (*See* Am. Compl. ¶¶ 13-16, 27.) Thus, the Amended Complaint alleges no facts to establish express or implied successor liability sufficient to establish that Defendant is liable as a successor to MedMinder. *See, e.g., Fometal S.R.L. v. Keili Trading, LLC*, No. 22-cv-1928(KPF), 2024 WL

307976, at *8 (S.D.N.Y. Jan. 26, 2024) (dismissing breach of contract claims against non-party to contract due to conclusory allegations of successor liability).

### 2. Successor Liability Is Inapplicable Because the Alleged Contractual Liability Was Incurred *After* MedMinder's Sale to Defendant

Even if Plaintiff had adequately alleged that Defendant was liable as a successor, the doctrine of successor liability would, in this case, be unavailing in stating a breach of contract claim.

Plaintiff's breach of contract claim is based on Defendant's alleged nonpayment of invoices issued **after** Defendant acquired MedMinder. (*See* Am. Compl. ¶¶ 13-17.)  There is no allegation that MedMinder, as Defendant's predecessor, incurred contractual liability that Plaintiff now seeks to impute to Defendant. (*See* ECF No. 29 at 2 (stating MedMinder "did not receive the benefit of Plaintiff's services performed under the unpaid invoices").) Thus, even if successor liability had been adequately alleged, there is no contractual liability allegedly incurred by MedMinder that Defendant could assume as a successor. *Cf. Xue Ming Wang v. Abumi Sushi Inc.*, 262 F. Supp. 3d 81, 88 (S.D.N.Y. 2017) (assessing successor liability only where discussing liabilities incurred prior to sale to defendant); *In re Roman Cath. Diocese of Rockville Centre*, 652 B.R. 16, 29-31 (Bankr. S.D.N.Y. 2023) (same).

For the reasons set forth above, the Court finds that Plaintiff has not shown cause why its breach of contract claim, as

alleged in the February 20, 2025 Complaint and September 26, 2025 Amended Complaint, should not be dismissed.

### B. An Implied Contract Is Not Well Pleaded, and Plaintiff Is Ordered to Show Cause Why New York's Statute of Frauds Does Not Bar an Implied Contract Claim

#### 1. Plaintiff Has Not Adequately Alleged an Implied Contract

Plaintiff's September 12, 2025 letter had stated that "the April 3, 2023 agreement referenced in the complaint is irrelevant to the Plaintiff's claims and [] there exists a contract implied in fact between the parties given the services performed, invoiced, and paid." (ECF No. 27 at 1.)  In its September 26, 2025 response, Plaintiff neither repeats nor disclaims its September 12, 2025 contentions that the April 3, 2023 agreement is "irrelevant" and that Defendant is liable under an implied-in-fact contract. (*See* ECF No. 29.)  Thus, the Court briefly addresses Plaintiff's September 12, 2025 contention that its breach of contract claim should not be dismissed due to the existence of an implied-in-fact contract.

"Under New York law, '[a] contract implied in fact may result as an inference from the facts and circumstances of the case, although not formally stated in words, and is derived from the presumed intention of the parties as indicated by their conduct.'" *Wexler v. Hasbro, Inc.*, No. 20-cv-1100(VEC), 2022 WL 743431, at *3 (S.D.N.Y. Mar. 11, 2022) (quoting *Beth Isr. Med. Ctr. v. Horizon*

*Blue Cross & Blue Shield of N.J., Inc.*, 448 F.3d 573, 582 (2d Cir. 2006)), *aff'd*, No. 22-741, 2023 WL 3513567 (2d Cir. May 18, 2023). "An implied contract, like an express contract, requires consideration, mutual assent, legal capacity and legal subject matter." *Id.* (quotation omitted).

To state a claim for breach of an implied contract, a plaintiff must allege with specificity "an enforceable agreement to do what [the plaintiff] alleges [Defendant] failed to do," *Piuggi v. Good for You Prods. LLC*, 739 F. Supp. 3d 143, 168–69 (S.D.N.Y. 2024) (second alteration in original) (quoting *Ancile Inv. Co. v. Archer Daniels Midland Co.*, 784 F. Supp. 2d 296, 304–05 (S.D.N.Y. 2011)), but the plaintiff "need not plead an implied contract's precise terms to survive a motion to dismiss." *Wallace v. Health Quest Sys., Inc.*, No. 20-cv-545(VB), 2021 WL 1109727, at *10 (S.D.N.Y. Mar. 23, 2021) (citing *Monahan v. Lewis*, 858 N.Y.S.2d 812, 814 (3d Dep't 2008)).

Here, the Amended Complaint's allegations are non-specific, brief, and conclusory, principally consisting of the allegation that Plaintiff performed unspecified "courier services to deliver prescriptions to patients of [Defendant]" for which Defendant failed to pay Plaintiff. (*See* Am. Compl. ¶¶ 16–17, 26–31 (alleging, for example, as to consideration, only that "[t]he Agreement was supported by valuable consideration").) These allegations are similar to those other courts have found

insufficient to state an implied-in-fact contract. *See Piuggi*, 739 F. Supp. 3d at 168–69 (collecting cases in which non-specific implied contract claims were dismissed); *cf. Shaoxing Daqin*, 2019 WL 6498397, at *2 (finding "a series of [] purchase orders and invoices" insufficient to support a breach of contract claim); *Zim Am. Integrated Shipping Servs. Co. v. Sportswear Grp., LLC*, 550 F. Supp. 3d 57, 66 (S.D.N.Y. 2021) ("Plaintiff attaches to the Complaint a spreadsheet of what appear to be a list of invoices . . . but that is not a contract. It is merely a list of invoices . . . .").

### 2. Plaintiff Is Ordered to Show Cause Why New York's Statute of Frauds Does Not Bar Plaintiff's Claims

Moreover, even if the Amended Complaint had sufficiently alleged the existence and breach of an implied contract, Plaintiff has not shown how it could recover on any of the claims in the Amended Complaint, including breach of contract, in light of New York's statute of frauds.

Under New York's statute of frauds, certain agreements are legally void unless reduced to a written "note or memorandum" "subscribed by the party to be charged" with the purported obligation. N.Y. Gen. Oblig. Law § 5-701(a). Here, Plaintiff has not alleged or produced any written "note or memorandum . . . subscribed by the party to be charged therewith," i.e., by Defendant. N.Y. Gen. Oblig. Law § 5-701(a). Instead, Plaintiff

has proffered only a "void" and unsigned agreement apparently intended to be entered into between Plaintiff and MedMinder.

Accordingly, Plaintiff is ordered to show cause why all causes of action alleged in the Amended Complaint, including breach of contract, should not be dismissed by operation of New York's statute of frauds. *See, e.g.*, *Am. Fed. Grp., Ltd. v. Rothenberg*, 136 F.3d 897, 909–10 (2d Cir. 1998) (rejecting "assertion that the [statute of frauds] is not available [as a defense] against 'implied-in-fact' contracts"); *Gutkowski v. Steinbrenner*, 680 F. Supp. 2d 602, 613 (S.D.N.Y. 2010) (Sullivan, J.) (dismissing claims for breach of contract, unjust enrichment, and quantum meruit as barred by New York's statute of frauds (citing, *inter alia*, N.Y. Gen. Oblig. Law. § 5-710(a))).

### C. Plaintiff Is Ordered to Show Cause Why the Mandatory Arbitration Clause of the Void and Unsigned April 3, 2023 Agreement Does Not Require Dismissal

Notwithstanding that the April 3, 2023 agreement filed by Plaintiff on September 26, 2025 is unsigned and marked "void" on every page, that document provides that "controversies or disputes arising out of or relating to th[e] contract **shall be resolved by binding arbitration.**" (ECF No. 30 at 6 (emphasis added).) Thus, even if the April 3, 2023 agreement proffered by Plaintiff was operable in this action, its mandatory arbitration clause would require Plaintiff to pursue its claims before an arbitrator. *See Henry Schein, Inc. v. Archer & White Sales, Inc.*, 586 U.S. 63, 67

(2019) ("Under the [Federal Arbitration] Act, arbitration is a matter of contract, and courts must enforce arbitration contracts according to their terms.").[2]

Accordingly, Plaintiff is ordered to show cause why this action should not be dismissed without prejudice so that Plaintiff may decide this action before an arbitrator, as required by the terms of the April 3, 2023 agreement.

### D. Plaintiff Is Ordered to File a Valid and Signed Version of the April 3, 2023 Agreement If It Exists

The Court's September 15, 2025 Order had directed Plaintiff to file on ECF Plaintiff's April 3, 2023 agreement with MedMinder. (*See* Sep. 15, 2025 Order to Show Cause.)  As noted, on September 26, 2025, Plaintiff filed an unsigned and undated document that Plaintiff identified as a "void" and "unsigned version" of Plaintiff's agreement with MedMinder, "although Plaintiff represents that this Agreement was, in fact, signed by the Defendant [*sic*], who maintains a copy of the executed Agreement." (ECF No. 29 at 3 (emphasis removed).)[3]  Plaintiff has offered no

---

[2]    This case is unlike *Baker & Taylor, Inc. v. AlphaCraze.com Corp.*, 602 F.3d 486, 492 (2d Cir. 2010) (per curiam), in which a defendant waived its right to enforce a mandatory arbitration clause by failing to appear or defend an action until after the district court had entered default judgment against the defendant.  In this case, the agreement containing the arbitration clause was not disclosed when this action was filed on February 20, 2025, when a certificate of default was entered on June 27, 2025, nor when Plaintiff moved for default judgment on July 10, 2025 and August 15, 2025.  Instead, an unsigned agreement marked "void" containing the mandatory arbitration clause was not publicly filed in this action until September 26, 2025.  (ECF No. 29-1.)

[3]    As noted above, the Court may not grant a motion for default judgment based on factual representations outside of an operative pleading.  *See, e.g.*,

explanation of why it would not have in its possession, custody, or control a signed and dated version of an agreement that it allegedly entered into with MedMinder in 2023, or why the agreement that it filed as ECF No. 29-1 and ECF No. 30 defines a service period from April 4, 2022 to October 4, 2022 if the agreement was entered into on April 3, 2023.  (Am. Compl. ¶ 13.)

Accordingly, Plaintiff's counsel is ordered to file via ECF a dated and non-void copy of Plaintiff's April 3, 2023 agreement with MedMinder, if it exists, signed by a representative of Plaintiff, MedMinder, and/or Defendant.  To the extent Plaintiff is unable to file the foregoing document, Plaintiff shall file a sworn declaration by a person with knowledge of the agreement, and shall file a letter describing the diligent efforts made by Plaintiff's representative to obtain, from Plaintiff, Defendant, and MedMinder, a signed and dated copy of the agreement.

## II.  PLAINTIFF IS ORDERED TO SHOW CAUSE WHY COUNTS TWO, THREE, FOUR, AND FIVE SHOULD NOT BE DISMISSED AS DUPLICATIVE OF PLAINTIFF'S BREACH OF CONTRACT CLAIM

The Amended Complaint's second, third, fourth, and fifth causes of action are common law claims of unjust enrichment, account stated, quantum meruit, and fraud, respectively.  To the extent Plaintiff still contends, contrary to the above discussion, that it can prove that an enforceable contract exists and applies

---

*Amerindo*, 639 F. App'x at 754; *Henry*, 108 F.4th at 55; *Au Bon Pain*, 653 F.2d at 65; *Mickalis*, 645 F.3d at 137 n.23.

to this action, Plaintiff is ordered to show cause why its claims for unjust enrichment, account stated, quantum meruit, and fraud should not be dismissed as seeking relief that is duplicative of Plaintiff's breach of contract claim. *See Mid-Hudson Catskill Rural Migrant Ministry, Inc. v. Fine Host Corp.*, 418 F.3d 168, 175 (2d Cir. 2005) (Sotomayor, J.) (finding that plaintiff's breach of contract claim "barred" plaintiff's "duplicative relief in quantum meruit"); *Pro. Merch. Advance Cap., LLC v. C Care Servs., LLC*, No. 13-cv-6562(RJS), 2015 WL 4392081, at *6 (S.D.N.Y. July 15, 2015) (Sullivan, J.) (dismissing unjust enrichment and account stated claims as duplicative of a breach of contract claim); *Fometal*, 2024 WL 307976, at *11–12 (finding claims for unjust enrichment, account stated, and fraud were "duplicative of Plaintiff's breach of contract claim" and therefore "must be dismissed").

### III. PLAINTIFF'S ALLEGATIONS IN SUPPORT OF ITS UNJUST ENRICHMENT, ACCOUNT STATED, AND QUANTUM MERUIT CLAIMS ARE INSUFFICIENT TO GRANT A MOTION FOR DEFAULT JUDGMENT

For the reasons stated below, the allegations in the Amended Complaint fail to state a claim for unjust enrichment, account stated, or quantum meruit and will not establish liability on a renewed motion for default judgment.

Quantum meruit and unjust enrichment "may [be] analyze[d] [] together as a single quasi contract claim" requiring a plaintiff to establish "(1) the performance of services in good faith, (2) the acceptance of the services by the person to whom they are

rendered, (3) an expectation of compensation therefor, and (4) the reasonable value of the services." *Shaoxing Daqin*, 2019 WL 6498397, at *4 (citing *Mid-Hudson Catskill*, 518 F.3d at 175). To succeed on claims for quantum meruit and unjust enrichment, a plaintiff "must demonstrate that [its] expectation of payment from a defendant w[as] 'reasonable.'" *Id.* (citations omitted). "To recover on a claim for an account stated under New York law, a plaintiff must show that: '(1) an account was presented; (2) it was accepted as correct; and (3) the debtor promised to pay the amount stated.'" *Pro. Merch. Advance Cap.*, 2015 WL 4392081, at *6 (quotation omitted).

Here, the Amended Complaint's allegations are conclusory as to all counts, and are insufficient to state a claim for Counts Two, Three, and Four. First, turning to Plaintiff's claims for quantum meruit and unjust enrichment, the Amended Complaint does not specifically allege facts from which it may be concluded that Plaintiff's expectation of payment from Defendant was reasonable; instead, the Amended Complaint generally alleges that at one unspecified time, an unspecified representative of Defendant allegedly promised to pay certain invoices issued by Plaintiff. (Am. Compl. ¶¶ 17-20); *cf. Zim*, 550 F. Supp. 3d at 60, 67 (complaint insufficiently alleged reasonable expectation of compensation where it was "devoid of any allegations that Plaintiff expected compensation other than that to which it was entitled by

the terms of" unexecuted agreements to which the defendant was not clearly a party). Similarly, the Amended Complaint's allegations as to Defendant's acceptance of services provided by Plaintiff are brief and conclusory, and the Amended Complaint is devoid of non-conclusory allegations as to the reasonable value of services performed by Plaintiff, thus providing no factual basis to establish the fourth element of Plaintiff's quasi contract claim, i.e., the reasonable value of services provided to Defendant. (Am. Compl. ¶ 51 (conclusorily defining "[t]he reasonable value of the services Plaintiff provided to Defendant" as the amount invoiced with five percent interest compounded weekly)); *cf. Revson v. Cinque & Cinque, P.C.*, 221 F.3d 59, 69 (2d Cir. 2000) ("Although a party seeking to establish the reasonable value of the services may present evidence as to the value that the parties placed on such services in a previous or canceled contract, we have found no New York case allowing the reasonable value of a claimant's services to be proven through evidence of an agreement that was unenforceable as a matter of law." (citations omitted)).

As to Plaintiff's account stated claim, the Amended Complaint is devoid of non-conclusory allegations that an account presented to Defendant was accepted as correct; instead, the Amended Complaint alleges that, on unspecified dates and times, "Plaintiff made repeated demand [*sic*] to Defendant to pay these invoices" and that "Defendant never objected to any of the invoices." (Am.

Compl. ¶¶ 18-19.)  Although a failure to object to an account stated may, in some cases, constitute acceptance, the debtor must "keep[] [the account] for a reasonable time without objecting to the correctness of the account" for failure to object to constitute acceptance.  *See Camacho Mauro Mulholland LLP v. Ocean Risk Retention Grp., Inc.*, No. 09-cv-9114(SAS), 2010 WL 2159200, at *3 (S.D.N.Y. May 26, 2010).  In this case, Plaintiff has not specified when it provided a statement of account to Defendant, and, therefore, there is no factual basis from which to conclude that Defendant's alleged failure to object has occurred over a sufficiently long period to constitute acceptance.

Accordingly, Plaintiff is ordered to show cause why Counts Two, Three, and Four should not be dismissed.

## IV. PLAINTIFF'S ALLEGATIONS IN SUPPORT OF ITS FRAUD CLAIM ARE INSUFFICIENT TO GRANT A MOTION FOR DEFAULT JUDGMENT

The fifth cause of action in the Amended Complaint is common law fraud.  For the reasons stated below, the Amended Complaint's allegations fail to state a claim for fraud and will not establish liability as to Plaintiff's fraud claim on a renewed motion for default judgment.

"To state a claim for common law fraud in New York, a plaintiff must show [1] a material representation or omission of fact, [2] made with knowledge of its falsity, [3] with scienter or an intent to defraud, [4] upon which the plaintiff reasonably

relied, and [5] that such reliance caused damage to the plaintiff." *Meridian Horizon Fund, LP v. Tremont Grp. Holdings, Inc.*, 747 F. Supp. 2d 406, 413–14 (S.D.N.Y. 2010) (citing *May Dep't Stores Co. v. Int'l Leasing Corp.*, 1 F.3d 138, 141 (2d Cir. 1993)), *aff'd*, 487 F. App'x 636 (2d Cir. 2012). "These elements must be proven by clear and convincing evidence." *Superb Motors Inc. v. Deo*, 776 F. Supp. 3d 21, 90 (E.D.N.Y. 2025) (citation omitted).

Moreover, Rule 9(b)'s heightened pleading standards apply to New York common law fraud claims. Rule 9(b) requires that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." *Wood ex rel. United States. v. Applied Rsch. Assocs., Inc.*, 328 F. App'x 744, 747 (2d Cir. 2009). To satisfy the pleading requirements of Rule 9(b), a complaint must "(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." *Id.* (quoting *Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994)).

Here, the Amended Complaint does not specify any allegedly fraudulent statements, the speaker of any allegedly fraudulent statement, where or when an allegedly fraudulent statement was made, or why any statement was allegedly fraudulent. Instead, the Amended Complaint alleges that, at an unspecified time and place, an unspecified representative of Defendant, a corporate entity

25

unable to speak for itself, "promised to pay" certain invoices issued by Plaintiff, and that "Defendant knew its promise to pay was false." (Am. Compl. ¶¶ 17, 20, 23.) These conclusory allegations will not establish liability as to Count Five on a renewed motion for default judgment. *See, e.g.*, *Mumin v. Uber Techs., Inc.*, 239 F. Supp. 3d 507, 516, 539–40 (E.D.N.Y. 2017) (dismissing New York common law fraud claim where plaintiff failed to "explain the circumstances of any fraudulent representations that were made to him"); *see also Harrell v. Primedia, Inc.*, No. 02-cv-2893(JSM), 2003 WL 21804840, at *3 (S.D.N.Y. Aug. 6, 2003) (dismissing complaint for failure to plead fraud with requisite specificity in part because plaintiff offered no evidence that promises to pay "were not made in complete good faith").

Accordingly, Plaintiff is ordered to show cause why Count Five should not be dismissed.

## V. PLAINTIFF IS ORDERED TO SHOW CAUSE WHY MEDMINDER IS NOT A NECESSARY PARTY

The Court's September 15, 2025 Order had directed Plaintiff to show cause why MedMinder is not a necessary party to this action. (*See* Sep. 15, 2025 Order to Show Cause.) Plaintiff's September 26, 2025 response states that MedMinder is not a necessary party because MedMinder "did not receive the benefit of Plaintiff's services performed under the unpaid invoices" at issue in this action. (ECF No. 29 at 2.)

26

Plaintiff has not provided, however, any information concerning the terms of sale of MedMinder's Brooklyn pharmacy to Defendant or alleged whether any agreement between MedMinder and Defendant exists that vests MedMinder with a "significant" "interest" in claims arising from Defendant's alleged conduct. *Fluent v. Salamanca Indian Lease Auth.*, 928 F.2d 542, 547 (2d Cir. 1991); *see also Crouse-Hinds Co. v. InterNorth, Inc.*, 634 F.2d 690, 697, 700-01 (2d Cir. 1980) (non-party was necessary where it had entered an agreement at issue in the action).

Accordingly, Plaintiff is ordered to show cause why MedMinder is not a necessary party, including by filing via ECF copies of any agreements between Defendant and MedMinder concerning Defendant's acquisition of MedMinder's Brooklyn pharmacy. To the extent Plaintiff is unable to file the foregoing documents, Plaintiff shall file a sworn declaration by a person with knowledge of agreements between Defendant and MedMinder, and shall file a letter describing the diligent efforts made by Plaintiff's representative to obtain, from Plaintiff, Defendant, and MedMinder, the foregoing documents.

## VI. ANY SECOND AMENDED COMPLAINT WILL BE SERVED UNDER RULE 4

Finally, Plaintiff had requested to serve its Amended Complaint on Defendant pursuant to Rule 5. (ECF No. 29 at 2 (citing Fed. R. Civ. P. 5(a)(1)(B)).) Rule 5(a)(2) provides that "[n]o service is required on a party who is in default for failing

27

to appear," except that "a pleading that asserts a new claim for relief against a [defaulting] party must be served on that party under Rule 4." Fed. R. Civ. P. 5(a)(2).

In this case, the Amended Complaint asserts the same causes of action as the February 20, 2025 Complaint. Nonetheless, the Amended Complaint contains new factual allegations that alter the nature of the relief sought by Plaintiff in this action. (*See* Am. Compl. ¶¶ 5, 13–15, 27, 29.) Accordingly, the Court respectfully denies Plaintiff's request to effect service under Rule 5.

For the reasons described above, the Amended Complaint is unlikely to survive in its present form. Therefore, the Court finds Plaintiff's request concerning service of the Amended Complaint to be moot and instead directs that any second amended complaint filed in this action will be served on Defendant in compliance with Rule 4.

### CONCLUSION

In sum, the Court orders as follows:

- Plaintiff is **ORDERED** to serve a copy of this Order to Show Cause on Defendant and to note service on the docket by **October 9, 2025.**

- By **October 24, 2025,** Plaintiff is **ORDERED TO SHOW CAUSE** why this action should not be dismissed because (1) the allegations in the Amended Complaint are insufficient to grant a motion for default judgment as to all causes of action in the Amended Complaint; (2) assuming a valid and signed version of the April 3, 2023 agreement exists and is operable in this action, the agreement contains an arbitration clause requiring resolution of Plaintiff's claims by an arbitrator; (3) the statute of frauds warrants dismissal of all Counts;

(4) Counts Two through Five are duplicative of Count One; and (5) allegations supporting Count Five are insufficiently specific to support a claim for fraud under Rule 9(b).

- By **October 24, 2025** Plaintiff is **ORDERED** to file a letter via ECF advising the Court whether it seeks leave to file a second amended complaint in which it contends it could adequately allege at least one cause of action. As noted in the undersigned's chambers practices, any motion to amend a pleading must attach as exhibits (1) a copy of the proposed amended pleading and (2) a version of the proposed amended pleading that shows—through redlining, underlining, strikeouts, or other similarly effective typographic methods—precisely how the proposed amended pleading differs from the operative pleading.

- By **October 24, 2025**, Plaintiff is **ORDERED TO SHOW CAUSE** why MedMinder is not a necessary party.

- By **October 24, 2025**, Plaintiff is **ORDERED** to file via ECF (i) copies of executed agreements between Defendant and MedMinder concerning Defendant's acquisition of MedMinder's Brooklyn pharmacy; and (ii) a dated and non-void copy of Plaintiff's agreement with MedMinder, if it exists, signed by a representative of Plaintiff, MedMinder, and/or Defendant. To the extent Plaintiff is unable to file the foregoing documents, Plaintiff shall file a letter by October 24, 2025 describing the diligent efforts made by Plaintiff's representative to obtain, from Plaintiff, Defendant, and MedMinder, the foregoing documents, and shall file one or more sworn declarations by a person or persons with knowledge of (a) the April 3, 2023 agreement between Plaintiff and MedMinder, and (b) agreements between Defendant and MedMinder.

- **Failure to file a response by October 24, 2025 sufficiently addressing the above deficiencies will result in dismissal of this action pursuant to Federal Rule 41(b).**

**SO ORDERED.**

Dated: October 8, 2025
      Brooklyn, New York

_____
**Hon. Kiyo A. Matsumoto**
United States District Judge
Eastern District of New York